CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2017 SEP 29 PM 1:01
DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY DAVIS, | § | |
| Petitioner, | § § § | |
| v. | § | 2:16-CV-0131 |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

### REPORT AND RECOMMENDATION TO DISMISS MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

Came for consideration the above-entitled motion filed by defendant MICHAEL ANTHONY DAVIS. By his motion, petitioner challenges his 160-month sentence arguing such sentence is unconstitutional in light of *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). For the reasons set forth below, defendant's motion is time-barred and should be DISMISSED.

### I.
### PROCEDURAL HISTORY

On May 13, 1998, defendant pled guilty to the felony offense of bank robbery in violation of 18 U.S.C. § 2113(a). The Presentence Report (PSR) and an Addendum to the PSR recommended that defendant's sentence be enhanced under Chapter 4 of the United States Sentencing Guidelines (USSG) due to two prior 1989 felony convictions for burglary of a habitation which are considered crimes of violence under USSG §4B1.1(a)(2). The PSR stated the defendant was a "career offender" pursuant to USSG § 4B1.1(a) and should be sentenced as such.

On September 14, 1998, the United States District Judge accepted the PSR recommendation, found defendant to be a career offender, and sentenced defendant to a term of 160 months imprisonment. Judgment was entered September 15, 1998. Defendant did not directly appeal his conviction to the United States Court of Appeals for the Fifth Circuit. Consequently, defendant's judgment of conviction became final on September 29, 1998 upon the expiration of time to seek direct appellate review. See Fed.R.App.Proc. 4(b)(1)(A)(I). The one-year statute of limitations thus began to run on September 30, 1998, making defendant's motion to set aside, vacate or correct his sentence due to be filed on or before September 30, 1999. On June 21, 2016, defendant placed the instant motion in the prison mailing system, such petition being received and filed of record on June 27, 2015. Defendant's motion, treated as filed June 21, 2016, was filed well over one (1) year after his conviction became final. Therefore, defendant's motion to set aside, vacate or correct his sentence is untimely and should be dismissed.

II.
DEFENDANT'S ALLEGATION

To the extent defendant argues *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) applies to his case, that his limitations period should be extended and that he is entitled to relief, his claim is without merit.[1]

Defendant was not sentenced under the residual clause of the ACCA but instead, and as set out above, the defendant was sentenced as a career offender under the USSG. (CR Dkt. 156 at 21). Defendant's reliance on *Johnson* is misplaced. *See In re Arnick*, 826 F.3d 787, 788 (5th Cir. June

---

[1] The Supreme Court has since held that the holding of *Johnson* is retroactive on collateral review in Armed Career Criminal Act (ACCA) cases. *See Welch v. United States*, No. 15-6418, 2016 WL 1551144 (U.S. Apr. 18, 2016).

17, 2016). It is the opinion of the undersigned that respondent is correct and that *Johnson* is not applicable to defendant's case.

Defendant's challenge is a challenge to the USSG guidelines applied to his case at sentencing. The Supreme Court has found, in analyzing *Johnson* challenges, the USSG guidelines "are not amenable to a vagueness challenge" under *Johnson*, despite a similarity in the language used in the "residual clauses" of the USSG guidelines and the ACCA. *See Beckles v. United States*, \_\_\_\_\_ U.S. \_\_\_\_\_, 137 S.Ct. 886, 894, 197 L.Ed.2d 145 (2017). This is because the guidelines, and their applications to a defendant's sentence by a District Judge, are discretionary, not mandatory. *Id.* Therefore, even if defendant's claim was not time barred, it would not be cognizable under § 2255.

III.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by defendant MICHAEL ANTHONY DAVIS be, in all things, DISMISSED.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 29th day of September 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

HAB55\R&R\davis-131.Dis-SOL.wpd:2
2:98-CR-9(01)

Page 3 of 4

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin,* 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).